UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LINDA JOHNSON,

               Plaintiff,

    -against-

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

               Defendant.
-----------------------------------------------------------------x

**MEMORANDUM & ORDER**

12-CV-2736 (SLT)

**TOWNES, United States District Judge:**

    *Pro se* plaintiff Linda Johnson ("Plaintiff") brought this action against Defendant

Michael J. Astrue, Commissioner of Social Security ("Commissioner"), seeking judicial review

of the denial of her application for Supplemental Security Income ("SSI") benefits pursuant to 42

U.S.C. §405(g) and/or §1383(c)(3). On August 27, 2012, Commissioner moved to dismiss

Plaintiff's complaint as untimely pursuant to Federal Rules of Civil Procedure 12(b)(1) and

12(b)(6). For the reasons discussed below, Commissioner's motion is granted.

## BACKGROUND

    On December 18, 2009, Plaintiff filed an application for SSI benefits with the Social

Security Administration, which was initially denied on February 11, 2010. (Doc. No. 8, Decl. of

Donald V. Ortiz, June 18, 2012 ("Ortiz Decl."), Ex. 1 at 2.) On March 4, 2010, Plaintiff filed a

request for a hearing before an Administrative Law Judge ("ALJ"). The request was granted and

the hearing took place on August 18, 2010. (*Id.*) On October 28, 2010, ALJ Ronald R. Bosch

issued a final decision denying Plaintiff's request for benefits on the ground that she was not

disabled under the meaning of the Social Security Act. (*Id.* at 6.) Plaintiff sought review of the

ALJ's decision and on March 19, 2012, in an Appeals Council Notice ("Notice") mailed to her,

that request was denied. (*Id.* at Ex. 2, 1.) The Notice also advised Plaintiff that she had 60 days

within which to file a complaint in the United States District Court seeking review of the final decision. (*Id.* at 2.)

On May 29, 2012, proceeding *pro se*, Plaintiff commenced the instant action, alleging that the ALJ's decision was "erroneous" and "not supported by substantial evidence." (Doc. No. 1, Complaint ("Compl.") at 2.) Plaintiff indicated in her complaint that she had received the Notice on March 21, 2012. (*Id.*) Commissioner now moves to dismiss the complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief may be granted. (Doc. No. 16). Commissioner's threshold argument is that Plaintiff's complaint is untimely because it was not commenced within 60 days of the admitted or presumed receipt of the Notice. (*Id.*)

Despite multiple extensions, Plaintiff has not responded to Commissioner's motion (Doc. No. 8) dated August 27, 2012. In addition to the initial extension granted on October 12, 2012, this Court *sua sponte* permitted Plaintiff additional time in the event that she had been a victim of Hurricane Sandy. (Doc. No. 12). The Court subsequently granted Plaintiff's request for a three month extension to obtain legal assistance. (Doc. Nos. 13, 14). To date, however, Plaintiff has not filed a response. The Court therefore deems the motion fully submitted.

## DISCUSSION

### A. Standard of Review

Cases arising under Title XVI of the Social Security Act are subject to the guidelines set forth in 42 U.S.C. §1383(c)(3), which governs judicial review of Commissioner's final decision. 42 U.S.C. §1383(c)(3); 42 U.S.C. §405(g). Under this provision, a plaintiff must present her claim within 60 days after the receipt or presumed receipt of the final decision. 42 U.S.C. §405(g). Because the 60-day requirement is construed as a statute of limitations and is "not

2

jurisdictional," Commissioner's motion to dismiss is more appropriately asserted pursuant to Rule 12(b)(6). *Bowen v. City of New York*, 476 U.S. 467, 478 (1986). *See also Nghiem v. U.S. Dept. of Veterans*, 451 F. Supp. 2d 599, 602 (S.D.N.Y. 2006) *aff'd*, 323 F. App'x 16 (2d. Cir. 2009) ("A motion to dismiss on statute of limitations grounds generally is treated as a motion to dismiss for failure to state a claim . . . pursuant to Rule 12(b)(6), as opposed to . . . Rule 12(b)(1).")

When analyzing such motions, the court "construes the complaint liberally, 'accepting all factual allegations in the complaint . . . and drawing all reasonable inferences in the plaintiff's favor.'" *Bender v. Astrue*, No. 09 Cv. 5738, 2010 WL 3394264, at *4 (E.D.N.Y. Aug. 23, 2010) (quoting *Chambers v. Time Warner, Inc.*, 282 F. 3d 147, 152 (2d Cir. 2002). Moreover, *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), and interpreted "to raise the strongest arguments that they suggest," *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

**B. Timeliness**

The 60-day period contemplated under §405(g) runs from the date the individual receives the Appeal Council's Notice or final decision. 20 C.F.R. §422.210(c). Absent a reasonable showing to the contrary, such receipt is presumed to have occurred five days after the issuance. *Id.* Failure to timely file, even where the delay is minor, requires dismissal of the case. *See, e.g., Plaintiff v. Commissioner of Social Security*, 519 F. Supp. 2d 448, 448 (S.D.N.Y. 2007) (dismissing a complaint filed nine days after deadline); *Davila v. Barnhart*, 225 F. Supp. 2d 337, 340 (S.D.N.Y. 2002) (dismissing a complaint filed one day after deadline). Here, Plaintiff plainly admits in her complaint that she received notice on March 21, 2012. (Compl. at 2.)

Because she commenced this action on May 29, 2012, eight days after the 60-day period concluded, dismissal is appropriate.

### C. Equitable Tolling

As the nature of the Social Security Act is to protect claimants, equitable tolling of the limitation period "is not infrequently appropriate." *State of New York v. Sullivan*, 906 F.2d 910, 917 (2d Cir. 1990). Typically, the burden of proving whether equitable tolling should apply lies with the plaintiff. *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000). In light of Plaintiff's *pro se* status, this Court will analyze the issue despite her failure to raise it. *See Rodriquez v. Barnhart*, No. 01 Cv. 3411, 2002 WL 31875406, at *3 (S.D.N.Y. Dec. 24, 2002) (finding the court "obliged to consider" unraised equitable tolling issue for *pro se* plaintiff).

Courts deploy a two-pronged analysis to determine if the doctrine of equitable tolling is appropriate. First, a plaintiff must prove "that he has been pursuing his rights diligently" and second, that there was "some extraordinary circumstance" that kept him from filing on time. *Pace v. DiGulielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Illness and poor health do not typically rise to the standard of an extraordinary circumstance in the context of a social security claim. *See, e.g., Wong v. Bowen*, 854 F.2d 630, 631 (2d. Cir 1998) (holding that allowing equitable tolling on the basis of health-related issues "would thoroughly undermine Section [405(g)'s] sixty-day limitation"); *Bender*, 2010 WL 3394264, at *4 (holding that plaintiff failed to meet the requisite burden because "poor health is generally not grounds for equitable tolling"). Thus, while there is evidence that Plaintiff suffered from asthma, emphysema, chronic obstructive pulmonary disease, osteoarthritis, and other medical conditions, there is nothing in the record—and Plaintiff has filed no response to the contrary—to suggest an extraordinary or peculiar circumstance that would

4

have prevented her from filing by the May 21, 2012 deadline.  (Ortiz Decl. Ex. 1 at 4.)

Accordingly, the complaint is untimely and must be dismissed.

## CONCLUSION

For the reasons set forth above, Commissioner's motion to dismiss pursuant to Rule

12(b)(6) is GRANTED.  The Clerk of Court is respectfully directed to enter judgment

accordingly and to close this case.

**SO ORDERED.**

s/Sandra L. Townes

/SANDRA L. TOWNES
United States District Judge

Dated: June 11, 2014
Brooklyn, New York